# Exhibit 5

Stephanie Ames (SBN 195608)
The Law Office of Stephanie Ames
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
T (310) 739-5952
F (310) 881-1289
stephanieames@msn.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | |
|---|---|
| v. | PLAINTIFF |
| WILLIAM KEITH KNOX | |
| | DEFENDANT(S). |

CASE NUMBER

SA 8:13-CR-0220-CJC

**SUBPOENA IN A CRIMINAL CASE**

TO: Custodian of Records, Columbia Capital Advisors, Inc., c/o Michael Donahue, Statutory Agent, 17236 Avenida de La Herradura, Pacific Palisades, CA 90272

☑ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: Ronald Reagan Federal Bldg., 411 West Fourth Street, Santa Ana, CA 92701 , Courtroom: 9B

Date: December 14, 2014 , Time: 9:00 a.m.

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

Please see attached Exhibit A.  To avoid any inconvenience on the return date, please contact the attorney listed below:

Dylan T. Ciciliano, Esq., Nevada Bar No. 12348
(Admitted Pro Hac Vice)
Gordon Silver
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, NV 89169
dciciliano@gordonsilver.com
Tel: 702-796-5555
Co-Counsel for Defendant William Keith Knox

ITEMS MAY BE PRODUCED IN LIEU OF APPEARANCE ON OR BEFORE DECEMBER 14, 2014.

_Terry Nafisi_
Terry Nafisi, Clerk of Court

Date

**EXHIBIT 5**

### PROOF OF SERVICE

| Received by Server | DATE | | PLACE | |
|---|---|---|---|---|
| **Served** | DATE | | PLACE | |

SERVED ON (PRINT NAME)

FEES AND MILEAGE TENDERED TO WITNESS

☐ Yes  ☐ No Amount $ _____

SERVED BY (PRINT NAME)

TITLE

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
　　　　　　　　　*Date*　　　　　　　　　　　　　*Signature of Server*

Address of Server: _____

_____

ADDITIONAL INFORMATION

EXHIBIT 5

# EXHIBIT "A"

## DEFINITIONS AND DOCUMENTS TO BE PRODUCED

The following definitions and rules of construction shall apply to these requests, and shall be interpreted to the broadest extent possible. Terms not defined below shall have their ordinary and common meanings.

1.      As used in these requests, the term "and" as well as "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

2.      The terms "You" and "Your" refers to Columbia Capital Advisors, as well as to all present or past employees, servants, agents, attorneys, investigators, representatives, or any other person or entity directly or indirectly subject to their respective control, and/or purporting to act on their behalf.

3.      The term "Mr. Knox" means William Keith Knox.

4.      The term "OTA" means Osseous Technologies of America.

5.      The term "FDA" means the United States Food and Drug Administration.

6.      The term "FBI" means Federal Bureau of Investigation.

7.      The term "USPTO" means United States Patent and Trademark Office

8.      The term "Zimmer" means Zimmer Dental, Inc.

9.      The term "Trustee" means David L. Hahn.

10.      The term "Ensley" means Lori Ensley, her agents, representatives, and attorneys.

11.      The term "Marshack" means Marshack Hays, LLP.

12.      The term "BSKB" means Birch, Steward, Kolash & Birch, LLP.

13.      The term "Tuber" means Michael Tuber, his agents, representatives, and attorneys.

14.      The term "Costigan" means William Costigan, his agents, representatives, and

**Gordon Silver**
Attorneys At Law
Ninth Floor
*3960* Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103317-003/exhibit A - Columbia Capital

1 of 7

EXHIBIT 5

1    attorneys.

2        15.    The term "Curran" means Patrick Curran, his agents, representatives, and

3    attorneys.

4        16.    The term "Malmquist" means Jay Malmquist, his agents, representatives, and

5    attorneys.

6        17.    The term "Cheung" means David Cheung, his agents, representatives, and

7    attorneys.

8        18.     "Refer," "relate" or "relating to" or "relative to" means constituting, comprising,

9    containing, setting forth, showing, disclosing, describing, explaining, summarizing, concerning,

10   or referring to directly or indirectly.

11       19.    The term "Person" includes, without limiting the generality of its meaning, every

12   natural person, corporate entity, partnership, association, governmental body, or agency.

13       20.    As used herein, "document" shall be deemed to mean any printed, typewritten,

14   handwritten, electronic, or otherwise recorded matter of whatever character, whether original,

15   master or copy (whether still active, archived or transparent) and any copies or reproductions that

16   are not identical to the original, that is or has been in the possession, control or custody of you,

17   your attorney and/or all other person acting in your behalf or of which any of the aforementioned

18   persons have knowledge, other person acting in your behalf or of which any of the

19   aforementioned persons have knowledge, including, but not limited to, letters, e-mail (internal

20   and external), communications, correspondence, memoranda, confirmations, facsimile

21   transmittal sheets, transmittal forms, telegrams, notes, summaries, minutes, contracts,

22   subcontracts, purchase orders, leases, amendments, change orders, proposals, requests for

23   proposal, bids, marketing documents, reports, studies, drawings, charts, diagrams, sketches,

24   estimates, specifications, addenda, schedules, directives, records of telephone conversations,

25   staffing projections, records of meetings and conferences, including lists of persons attending

26   meetings or conferences, summaries and records of personal conversations or interviews,

27   exhibits, transcripts, books, manuals, publications, diaries, logs, daily reports, status reports,

28   minutes of meetings, records, journals, entries in journals, charts, financial records and/or

**Gordon Silver**
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103317-003/exhibit A - Columbia Capital

2 of 7

EXHIBIT 5

1   summaries of financial records, work papers, bills, ledgers, financial statements, audit reports,

2   financial data, status sheets, contract status reports, tax returns, certificate of insurance,

3   agreements of suretyship and/or indemnification, insurance policies, calendars, summaries of

4   investigations and/or surveys, statistical compilations, audio or visual recordings, photographs,

5   cpm schedules, spreadsheets, computer or magnetic records, computer memory (including that of

6   any "transparent" information, information deleted from the personal computer or file but not

7   from the system), hard drives, floppy discs, optical discs, CD-ROM discs, Bernoulli discs and

8   their equivalents, magnetic tape, disaster recovery back-up, compact disks, computer generated

9   reports or summaries, drafts of original or preliminary notes on and marginal comments

10   appearing on any documents, other reports and records, any other paper or physical thing

11   containing writing, photographic, imaged, or electronically recorded data, every copy of such

12   writing or records where the original is not in the possession, custody or control of the

13   aforementioned persons, and every copy of every such writing or record where such copy

14   contains any commentary or notation whatsoever that does not appear on the original.

15      21.      The term "Communication" means any contact, oral or written, formal or

16   informal, at any time or any place under any circumstance whatsoever whereby any information

17   of any nature was transmitted or transferred, including but not limited to personal conversation,

18   conferences, telephone conversations, memoranda, letters, correspondence, reports and

19   publications.

20      22.      "Any" and "All" are interchangeable.

21      23.      The singular form includes the plural form and vice versa.

22      24.      If any document requested to be produced was but is no longer in the possession

23   or control of the aforementioned persons, or is no longer in existence, state whether it is (1)

24   missing or lost, (2) destroyed, (3) transferred voluntarily or involuntarily to others and if so to

25   whom, or (4) otherwise disposed of; and in each instance explain the circumstances surrounding

26   an authorization of such disposition thereof and state the approximate date thereof.

27      25.      If any document is held under claim of privilege, please identify the document for

28   which there is a claim of privilege as follows:

**Gordon Silver**
Attorneys At Law
Ninth Floor
*3960* Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103317-003/exhibit A - Columbia Capital

3 of 7

EXHIBIT 5

1          a.     A full description thereof, including without limitation:

2              i.     The date it bears;

3              ii.     The name of each person who prepared it or who participated in

4              any way in its preparation;

5              iii.     The name of each person who signed it;

6              iv.     The name of each person to whom it, or a copy of it was

7              addressed;

8              v.     The name of each person who presently has custody of it or a copy

9              of it;

10            vi.     The subject matter and its substance; and

11            vii.     What factual basis there is for the claim of privilege.

12    26.     In answering these Discovery Requests, you are requested to furnish all

13 information available at the time the responses are made, including information in the possession

14 of its attorneys or investigators for your attorneys, not merely information known to your

15 officers, directors, agents and employees.

16

17                    **REQUEST FOR PRODUCTION OF DOCUMENTS**

18   1. Any and all documents and communications relating to OTA and/or Mr. Knox from 2008 to present.

19

20   2. Any and all documents and communications between YOU and Costigan, Tuber, Curran, Malmquist, Cheung, the FBI, or any agent of the Government that refer or relate to OTA or Mr. Knox.

21

22   3. Any and all documents related to any intellectual property held or once held by OTA from 2008 to present, including but not limited to:

23       • Patents
         • Trademarks
24       • Copyrights

25   4. Any and all documents or communications relating to the appraisal or valuation of: OTA, known and unknown intellectual property and/or trade secrets of OTA, any technology

26 stemming from any and all patents held by OTA or assigned to OTA or contained in any pending patent applications, any and all experimental and clinical data related to the Food

27 and Drug Administration 510(k) submission(s) and OTA, and collagen products owned or once owned by OTA, as defined in *In re Osseous Technologies of America Inc.*, Case

28 No. 8:13-bk-14500, at Dkt. 248, including but not limited to those appraisals and

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103317-003/exhibit A - Columbia Capital         4 of 7

**EXHIBIT 5**

1    valuations prepared by YOU.

2    5. Any and all documents relating to the intellectual property referred to as collagen ridge
3    augmentation "Tunnels,""CurV line," or devices used for sinus lift procedures, from 2006
     to present.

4    6. Any and all communications between OTA, its present and former representatives,
5    agents, custodians or employees and the USPTO.

6    7. Any and all communications and documents that refer or relate to the USPTO as it relates
7    to OTA and/or technology possessed or once possessed by OTA.

8    8. Any and all communications between YOU and the USPTO as it relates to OTA, its
9    present and former representatives, agents, custodians or employees, and Mr. Knox.

10   9. Any and all communications between OTA, its present and former representatives,
     agents, custodians or employees and the FDA.

11   10. Any and all communications and documents that refer or relate to the FDA as it relates to
12   OTA and/or technology possessed or once possessed by OTA.

13   11. Any and all FDA 510(k) submission(s) that refer or relate to OTA and/or intellectual
14   property once belonging to OTA.

15   12. Any and all communications between YOU and the FDA as it relates to OTA, its present
16   and former representatives, agents, custodians or employees, and Mr. Knox.

17   13. Any and all communications and documents that refer or relate to the Zimmer as they
     pertain to OTA and/or technology possessed or once possessed by OTA.

18   14. Any and all communications between OTA, its present and former representatives,
19   agents, custodians or employees and Zimmer, between 2008 and present.

20   15. Any and all communications between YOU and Zimmer as it relates to OTA, its present
21   and former representatives, agents, custodians or employees, and Mr. Knox.

22   16. Any and all documents or communications that refer or relate to the sale of the
     distribution dental company, intellectual property, or any other assets of OTA, including
23   any discussions with any and all potential acquirers.

24

25

26

27

28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103317-003/exhibit A - Columbia Capital                5 of 7

EXHIBIT 5

**EXHIBIT "B"**

**DECLARATION OF CUSTODIAN OF RECORDS**

STATE OF _____ )
                                              )ss.
COUNTY OF _____ )

I, _____declare as follows:
           (Print Name)

1.  That the deponent is the _____(position or title) of
    _____(name of employer) and in his or
    her capacity as _____(position or title) is a custodian of
    records of _____(name of employer).

2.  That _____(name of employer) is licensed to do
    business as a _____ in the State of California.

3.  That on the _____ day of the month of _____ 2014, the deponent was served
    with a subpoena in connection with the above-entitled cause, calling for the production of
    records or objects pertaining to _____.

4.  I certify that no documents, records or other materials have been withheld.

5.  I certify that I have made a diligent, thorough and complete search of all available
    sources including the computer databases for both open and closed files whether in a
    storage facility or any other location under the control of my employer for any and all
    items to be produced on the attached Subpoena Duces Tecum.

6.  That the original of those records was made at or near the time of the act, event,
    condition, opinion or diagnosis recited therein by or from information transmitted by a
    person with knowledge, in the course of a regularly conducted activity of the deponent or
    _____(name of employer).

7.  ☐ **We have no records responsive to this Subpoena Duces Tecum.**

    **If signed in Nevada: I declare under penalty of perjury that the foregoing is true
and correct.**

    EXECUTED this _____ day of _____, 2014.

_____          _____
Signature                                                     (Print Name)

    **If signed outside of Nevada: I declare under penalty of perjury under the law of the
State of California that the foregoing is true and correct.**

    EXECUTED this _____ day of _____, 2014.

_____          _____
Signature                                                     (Print Name)

**Gordon Silver**
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103317-003/exhibit A - Columbia Capital

6 of 7

**EXHIBIT 5**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### AFFIDAVIT OF SERVICE

STATE OF CALIFORNIA )
                      ) ss:
COUNTY OF _____ )

_____, being duly sworn says:  That at all times herein affiant was over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made.  That affiant received the Subpoena Duces Tecum and _____ Witness Fees Check on the _____ day of _____, 2014, and served the same on the _____ day of _____, 2014, by delivering a copy to the witness at: _____ _____ _____.

      I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

      EXECUTED this ____ day of _____, 2014.

                                 _____
                                   Signature of person making service

**Gordon Silver**
Attorneys At Law
Ninth Floor
*3960* Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103317-003/exhibit A - Columbia Capital

7 of 7

EXHIBIT 5

# Exhibit 6

B5 (Official Form 5) (12/07)

## FORM 5. INVOLUNTARY PETITION

| United States Bankruptcy Court<br>**Central District of California** | **INVOLUNTARY PETITION** |
|---|---|

| IN RE (Name of Debtor - If Individual: Last, First, Middle)<br>**Osseous Technologies of America, Inc.** | ALL OTHER NAMES used by debtor in the last 8 years<br>(Include married, maiden, and trade names.) |
|---|---|

Last four digits of Social-Security or other Individual's Tax-ID No./Complete EIN (if more than one, state all.)

| STREET ADDRESS OF DEBTOR (No. and street, city, state, and zip code)<br>**4500 Campus Drive, Suite 662**<br>**Newport Beach, CA 92660** | MAILING ADDRESS OF DEBTOR (If different from street address)<br>**Osseous Technologies of America, Inc.**<br>**c/o Richard O. Weed**<br>**4695 MacArthur Court, Suite 1430**<br>**Newport Beach, CA 92660** |
|---|---|

| COUNTY OF RESIDENCE OR<br>PRINCIPAL PLACE OF BUSINESS<br>**Orange** | |
|---|---|

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from previously listed addresses)

CHAPTER OF BANKRUPTCY CODE UNDER WHICH PETITION IS FILED

☐ Chapter 7     ☑ Chapter 11

### INFORMATION REGARDING DEBTOR (Check applicable boxes)

| Nature of Debts<br>(Check one box) | Type of Debtor<br>(Form of Organization) | Nature of Business (Check one box) |
|---|---|---|
| Petitioners believe:<br>☐ Debts are primarily consumer debts<br>☑ Debts are primarily business debts | ☐ Individual (Includes Joint Debtor)<br>☑ Corporation (Includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51)(B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other |

| VENUE | FILING FEE (Check one box) |
|---|---|
| ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner or partnership is pending in this District. | ☑ Full Filing Fee attached<br>☐ Petitioner is a child support creditor or its representative, and the form specified in § 304(g) of the Bankruptcy Reform Act of 1994 is attached.<br>*[If a child support creditor or its representative is a petitioner, and if the petitioner files this form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.]* |

### PENDING BANKRUPTCY CASE FILED BY OR AGAINST ANY PARTNER OR AFFILIATE OF THIS DEBTOR (Report information for any additional cases on attached sheets.)

| Name of Debtor<br>**William K. Knox** | Case Number<br>8:13-bk-14494-SC | Date<br>**May 22, 2013** |
|---|---|---|
| Relationship<br>**Corporate Debtor's Insider** | District<br>**Central District of California** | Judge<br>Scott C. Clarkson |

### ALLEGATIONS
(Check applicable boxes)

COURT USE ONLY

1.   ☑ Petitioner(s) are eligible to file this petition pursuant to 11 U.S.C. § 303(b).
2.   ☑ The debtor is a person against whom an order for relief may be entered under title 11 of the United States Code.
3.a. ☑ The debtor is generally not paying such debtor's debts as they become due, unless such debts are the subject of a bona fide dispute as to liability or amount;

or

3.b. ☐ Within 120 days preceding the filing of this petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

```
FILED
MAY 2 2 2013
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                        Deputy Clerk
```

EXHIBIT 6

Name of Debtor: _____ ous Technologies of America,

Case No. _____

B5 (Official Form 5) (12/07) - Page 2

| | |
|---|---|
| **TRANSFER OF CLAIM** | |

☐ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents evidencing the transfer and any statements that are required under Bankruptcy Rule 1003(a).

**REQUEST FOR RELIEF**

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition. If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

X _____
Signature of Petitioner or Representative (State title)

Patrick Curran          5/21/13
Name of Petitioner      Date Signed

Name & Mailing          Patrick Curran
Address of Individual    2999 Laguna Canyon Rd.
Signing in Representative Laguna Beach, CA 92651
Capacity

X _____  #119326
Signature of Attorney                    Date

Thomas J. Polis
Name of Attorney Firm (If any)

POLIS & ASSOCIATES, APLC
19800 MacArthur Boulevard, Suite 1000
Irvine, CA 92612-2433
Address
Telephone No.   (949) 862-0040

X _____
Signature of Petitioner or Representative (State title)

Name of Petitioner      Date Signed

Name & Mailing
Address of Individual
Signing in Representative
Capacity

X _____
Signature of Attorney                    Date

Name of Attorney Firm (If any)

Address
Telephone No. _____

X _____
Signature of Petitioner or Representative (State title)

Name of Petitioner      Date Signed

Name & Mailing
Address of Individual
Signing in Representative
Capacity

X _____
Signature of Attorney                    Date

Name of Attorney Firm (If any)

Address
Telephone No. _____

**PETITIONING CREDITORS**

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Patrick Curran<br>2999 Laguna Canyon Rd.<br>Laguna Beach, CA 92651 | Breach of Promissory Note; Breach of Guarantee | 357,912.55 |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Note: If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | | Total Amount of Petitioners' Claims<br>357,912.55 |

_____0_____ continuation sheets attached

EXHIBIT 6

Exhibit 7

PETER ANDERSON
UNITED STATES TRUSTEE
OFFICE OF THE UNITED STATES TRUSTEE
411 WEST FOURTH STREET, SUITE 9041
SANTA ANA, CALIFORNIA 92701
TELEPHONE: (714) 338-3400
FAX: (714) 338-3421

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 8:13-bk-14500 SC |
| OSSEOUS TECHNOLOGIES OF AMERICA INC., | CHAPTER 7 |
| | **NOTICE OF APPOINTMENT OF TRUSTEE AND FIXING OF BOND; ACCEPTANCE OF APPOINTMENT AS TRUSTEE** |
| Debtor. | |

PURSUANT TO 11 U.S.C. § 701 and 11 U.S.C. §322

David L. Hahn
22342 Avenida Empresa, Suite 200
Rancho Santa Margarita, CA 92688

is appointed Interim Trustee in the above captioned matter and is hereby designated to preside at the meeting of creditors. This case is covered by the Chapter 7 blanket bond on file with the Court on behalf of the Trustees listed on Schedule A of the bond and any amendments or modifications thereto.

DATED: October 2, 2013

PETER ANDERSON
United States Trustee

I, the undersigned, affirm that to the best of my knowledge and belief, I am disinterested within the meaning of 11 U.S.C. § 101(14), and on this basis, I am hereby accept my appointment as Interim Trustee in the matter of *In Re: Osseous Technologies of America Inc., Debtor*, Case No. 8:13-bk-14500 SC, I will immediately notify the United States Trustee if I become aware of any facts to the contrary.

DATED: *10 - 3 - 2013*

DAVID L. HAHN
Interim Trustee

EXHIBIT 7

# Exhibit 8

**PETER C. ANDERSON**
**UNITED STATES TRUSTEE**
**OFFICE OF THE UNITED STATES TRUSTEE**
**411 WEST FOURTH STREET, SUITE 9041**
**SANTA ANA, CALIFORNIA 92701**
**TELEPHONE:  (714) 338-3400**
**FAX:  (714) 338-3421**

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| IN RE: | CASE NO.:  **8:13-bk-14500 SC** |
| **OSSEOUS TECHNOLOGIES OF AMERICA,** | CHAPTER 7 |
| | **NOTICE OF APPOINTMENT OF TRUSTEE AND FIXING OF BOND; ACCEPTANCE OF APPOINTMENT AS TRUSTEE** |
| Debtor. | |

PURSUANT TO 11 U.S.C. 322

RICHARD A. MARSHACK
870 Roosevelt
Irvine, CA 92620

is appointed Trustee of the case of said debtor(s).  This case is covered by the Chapter 7 blanket bond on file with the Court on behalf of the trustees listed on Schedule A of the bond and any amendments or modifications thereto.

The Trustee appointed herein shall serve as trustee without further appointment or qualification, provided that the trustee is disinterested.

**PETER C. ANDERSON**
**United States Trustee**

I, the undersigned, affirm that to the best of my knowledge and belief, I am disinterested within the meaning of 11 U.S.C. 101(14), and on this basis, I am hereby accept my appointment as Trustee in the above case.  I will immediately notify the United States Trustee if I become aware of any facts to the contrary.

DATED:  10/8/14

*/s/ Richard A. Marshack*
RICHARD A. MARSHACK
**Trustee**

EXHIBIT 8

# Exhibit 9

1   RICHARD A. MARSHACK, #107291
    rmarshack@marshackhays.com
2   DAVID A. WOOD, #272406
    dwood@marshackhays.com
3   **MARSHACK HAYS LLP**
    870 Roosevelt Avenue
4   Irvine, CA 92620
    Telephone:  (949) 333-7777
5   Facsimile:  (949) 333-7778

6   Proposed Attorneys for Chapter 7 Trustee,
    DAVID L. HAHN
7

8                   UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

10

11   In re                              Case No.  8:13-bk-14500-SC

12   OSSEOUS TECHNOLOGIES OF           Chapter  7
     AMERICA, INC.,
13                                     APPLICATION BY CHAPTER 7 TRUSTEE TO
                                       EMPLOY MARSHACK HAYS LLP AS
14              Debtor.                GENERAL COUNSEL; DECLARATION OF
                                       RICHARD A. MARSHACK IN SUPPORT
15
                                       [NO HEARING REQUIRED]
16

17   TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

18   THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED

19   PARTIES:

20          David L. Hahn, in his capacity as Chapter 7 Trustee ("Trustee") of the

21   Bankruptcy Estate ("Estate") of  Osseous Technologies of America, Inc. ("Debtor") respectfully

22   submits this application ("Application") for entry of an Order authorizing the employment of

23   Marshack Hays LLP ("Firm") as the Trustee's general counsel in this case pursuant to 11 U.S.C.

24   §327.

25          In support of this Application, the Trustee respectfully represents as follows:

26   I.       PERTINENT BACKGROUND FACTS

27          An Involuntary Petition against the Debtor was filed on May 22, 2013 by creditor:

28   Patrick Curran.

---

                                          1
                      APPLICATION TO EMPLOY MARSHACK HAYS LLP

148230v1/1028-024

                                                        EXHIBIT 9

1    On June 20, 2013, the Debtor filed its answer to the Involuntary Petition.

2    On August 21, 2013, an Order for Relief under Chapter 7 of the Bankruptcy Code

3  was entered (the "Relief Order No. 1").  Thereafter, on August 23, 2013, Debtor and Mr. Curran

4  filed a stipulation for "Delay and Execution of Entry and Entry for Order for Relief and

5  Anticipated Request for Dismissal of Case Pending Completion of Settlement" (the "Dismissal

6  Stipulation"). The court granted the Stipulation, and vacated Relief Order No. 1 via an order

7  entered on August 23, 2013 (the "Stipulation Order").

8    On August 29, 2013, Debtor filed a motion to dismiss the underlying bankruptcy

9  case (the "Dismissal Motion").

10    On September 9, 2013, the court issued an "Order To Show Cause Why Order For

11  Relief Should Not be Entered" (the "OSC") which was set for hearing for September 19, 2013.

12  After the hearing held on September 19, 2013, the court entered an "Order For Relief in An

13  Involuntary Case" (the "Relief Order No. 2."). Pursuant to the Relief Order No. 2, Debtor was to

14  "file within seven (7) days after entry of this order for relief, a list containing the name and

15  address of each entity included on Schedule D, E, F, G, and H, as prescribed by the Official

16  Forms. . . Debtor must file schedules, and statement referred to in Federal Rules of Bankruptcy

17  Procedure 1007 within fourteen (14) days after entry of this Order for Relief." *See Relief Order*

18  *No. 2,* pg. 2, lns 6-11. Stated otherwise, Debtor had until September 26, 2013 to file a list of

19  creditors, and until October 3, 2013 to file his schedules and statement of financial affairs.

20    On October 2, 2013, David L. Hahn was appointed as Chapter 7 trustee ("Trustee")

21  for the bankruptcy estate ("Estate"). Debtor filed a stipulation vacating the Dismissal Motion

22  which was approved by the court via an order entered on October 2, 2013.

23    To date, in violation of Relief Order No. 2, Debtor has failed to file a list of

24  creditors, schedules, or a statement of financial affairs.  The Trustee believes there are potential

25  assets for the benefit of the Estate and creditors.

26  A.    REQUIREMENTS FOR APPLICATION TO EMPLOY PROFESSIONAL

27    Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local

28  Bankruptcy Rule 2014-1, there follows a summary of the proposed employment of the Firm.

148230v1/1028-024

EXHIBIT 9

1 Should any additional information be requested by the Office of the United States Trustee, the

2 Court, or any party in interest, the Firm will provide a supplemental declaration prior to any

3 hearing on this Application.

4     1.     <u>LBR 2014-1(b)(1)(A) and LBR 2014-1(b)(3)(B) – Employment and Compensation</u>

5     Pursuant to LBR 2014-1(b)(1)(A), "[a]n application seeking approval of

6 employment of a professional person pursuant to 11 U.S.C. §§ 327, 328, 1103(a), or 1114 must

7 comply with the requirements of FRBP 2014 and 6003(a) and be filed with the court. The

8 application must specify unambiguously whether the professional seeks compensation pursuant to

9 11 U.S.C. § 328 or 11 U.S.C. § 330."

10     Pursuant to LBR 2014-1(b)(3)(B), the Notice of the Application must also "[s]tate

11 whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330."

12     The Trustee seeks employment of the Firm pursuant to 11 U.S.C. §327. The Firm

13 will seek compensation pursuant to 11 U.S.C. §§330 and 331.

14     2.     <u>FRBP 2014</u>

15     Rule 2014(a) of the Federal Rules of Bankruptcy Procedure provides as follows:

16

17     An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to §327, §1103, or §1114 of the Code shall be made only on application of the trustee or

18 committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the

19 applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to

20 be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of

21 the applicant's knowledge, all of the person's connections with the Debtors, creditors, any other party in interest, their respective attorneys and

22 accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a

23 verified statement of the person to be employed setting forth the person's connections with the Debtors, creditors, any other party in interest, their

24 respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

25

26     The Trustee is seeking employment of the Firm. A copy of this Application will be

27 served on the Office of the United States Trustee.

28

APPLICATION TO EMPLOY MARSHACK HAYS LLP

148230v1/1028-024

EXHIBIT 9

1       a.   <u>FRBP 2014 - Facts Showing the Necessity for the Employment</u>

2       The Trustee requires assistance of counsel to investigate and, if warranted,

3   represent the Bankruptcy Estate in the liquidation of assets.

4       i.   <u>FRBP 2014 and LBR 2014-1(b)(3)(A) - Name of the Person to Be Employed</u>

5       In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy

6   Procedure, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the

7   ***identity of the professional*** and the purpose and scope for which it is being employed" (emphasis

8   added).

9       The Trustee seeks to employ the law firm of Marshack Hays LLP.  Pursuant to

10  Rule 2014(b) of the Federal Rules of Bankruptcy Procedure, partners, members, and regular

11  associates of the Firm will act as attorneys for the Estate without further order of the court.

12      The persons who will render services in connection with the Firm's representation

13  of the Estate are identified in the Firm's billing detail, to be submitted with each application for

14  allowance of fees and reimbursement of costs, by their initials.  Those persons include:

15

|     | Timekeeper |
| --- | --- |
| RAM | Richard A. Marshack |
| DEH | D. Edward Hays |
| DMG | David M. Goodrich |
| CSC | Cynthia A. Connors |
| KAT | Kristine A. Thagard |
| JEM | Judith E. Marshack |
| MAS | Martina A. Slocomb |
| SCB | Sarah C. Boone |
| CVH | Chad V. Haes |
| DW  | David A. Wood |
| PK  | Pamela Kraus |
| LB  | Layla Bergini |
| CLM | Chanel Mendoza |
| CB  | Cynthia Bastida |

25      b.   <u>FRBP 2014 and LBR 2014-1(b)(3)(A) - Reasons for the Selection</u>

26      In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy

27  Procedure, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the

28

148230v1/1028-024

EXHIBIT 9

1    identity of the professional and the **purpose** and scope for which it is being employed" (emphasis

2    added).

3          The Trustee believes that the Firm is well-qualified to render the requested

4    professional services to the Estate, set forth more fully below.  The Firm comprises attorneys who

5    have extensive experience in insolvency, bankruptcy, real estate litigation, and corporate

6    reorganization as well as litigation matters of the type that may need to be pursued herein.  The

7    Firm is experienced in debtor/creditor matters, including the representation of trustees in

8    bankruptcy cases.  The members of the Firm have a combined Bankruptcy Court practice of

9    decades, and the Firm has handled most issues that routinely arise in the context of a bankruptcy

10   case.

11         All attorneys comprising or associated with the Firm who will appear in this case

12   are duly admitted to practice law in the courts of the State of California, the United States District

13   Court for the Central District of California, and this Court.  A biography of each professional of

14   the Firm and a list of the current hourly billing rates is attached as Exhibit "1" to the Declaration

15   of Richard A. Marshack (the "Marshack Declaration").

16         The Firm and each of the members, associates, and paralegals who will work on

17   this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and

18   the Local Bankruptcy Rules.

19         c.    FRBP 2014 and LBR 2014-1(b)(3)(A) - Professional Services to be

20               Rendered

21         In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy

22   Procedure, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the

23   identity of the professional and the purpose and **scope** for which it is being employed" (emphasis

24   added).

25         The Trustee requires assistance of counsel to investigate and, if warranted, liquidate

26   assets.  Additionally, Counsel is needed to compel the Debtor to file a list of all creditors, and his

27   schedules and statement of financial affairs as required by Relief Order No. 2. *See Relief Order*

28   *No. 2*, pg. 2, lns 6-12.  To date, Debtor is in violation of Relief Order No. 2. The Trustee also

APPLICATION TO EMPLOY MARSHACK HAYS LLP

148230v1/1028-024

EXHIBIT 9

1   needs assistance in compelling turnover of estate property, and in determining the current

2   operational status of Debtor. Currently, the Trustee is in an intolerable position as there are no

3   sworn statements made under the penalty of perjury, attesting to Debtor's assets and liabilities.

4       In addition, the Firm may be required to assist the Trustee in the following matters:

5       A.    To represent Trustee in any proceeding or hearing in the Bankruptcy Court

6   and in any action where the rights of the Estate or Trustee may be litigated or affected;

7       B.    To conduct examinations of the Debtor, witnesses, claimants, or adverse

8   parties and to prepare and assist in the preparation of reports, accounts, applications, motions,

9   complaints and orders; and

10      C.    To perform any and all other legal services incident and necessary herein

11  for the smooth administration of this bankruptcy case.

12      d.    <u>FRBP 2014 and LBR 2014-1(b)(3)(C) - Proposed Arrangement for</u>

13      <u>Compensation</u>

14      In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy

15  Procedure, LBR 2014-1(b)(3)(C) provides that the Notice of the Application must "[d]escribe the

16  arrangements for compensation, including the hourly rate of each professional to render services,

17  source of the fees, the source and amount of any retainer, the date on which it was paid, and any

18  provision regarding replenishment thereof[.]"

19      The Firm will render services to the Trustee at the Firm's regular hourly rates,

20  which may be adjusted from time to time.  The Firm's current hourly billing rates are as follows:

21

22
| Timekeeper | Rate/Period |
|---|---|
| Richard A. Marshack | $540 |
| D. Edward Hays | $475 |
| David M. Goodrich | $390 |
| Cynthia A. Connors | $395 |
| Kristine A. Thagard | $380 |
| Judith E. Marshack | $325 |
| Martina A. Slocomb | $325 |
| Sarah C. Boone | $325 |
| Chad V. Haes | $295 |

APPLICATION TO EMPLOY MARSHACK HAYS LLP

148230v1/1028-024

EXHIBIT 9

| David A. Wood | $285 |
|---|---|
| Pamela Kraus | $210 |
| Layla Bergini | $175 |
| Chanel Mendoza | $175 |
| Cynthia Bastida | $150 |

The Firm will be compensated from assets of the Estate, if any, and will not be compensated absent the Estate's receipt or recovery of such assets. The Firm has received no retainer for the services to be performed in this case, and has agreed that no retainer will be paid.

The Firm understands that its compensation in this case is subject to approval by the Bankruptcy Court. In compliance with 11 U.S.C. §§330 and 331, the Firm intends to file interim and final applications for allowance of fees and reimbursement of costs as and when appropriate.

The Firm has advised the Trustee that the Firm has not shared or agreed to share any compensation to be received by it in this case with any other person, except as among partners of the Firm.

e.    FRBP 2014 - Firm's Connections and Associations

Except as disclosed herein and to the best of the Firm's knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, has any connection with the Debtor or the Debtor's attorneys or accountants, the Debtor's creditors, or any other outside party in interest, or their respective attorneys or accountants.

Based on the foregoing, the Trustee believes that the Firm is a "disinterested person" within the meaning of Bankruptcy Code Section 101(14).

The Firm does not have an interest adverse to the Debtor or the bankruptcy Estate. As of the Petition Date, the Firm was not a creditor of the Estate and was not owed any funds by the Debtor.

To the best of the Firm's knowledge, and as set forth in the attached Marshack Declaration, none of the attorneys comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee, except that: (1) Richard A. Marshack and David M. Goodrich are panel Chapter 7 trustees; (2) Applicant has

7

148230v1/1028-024

EXHIBIT 9

1  served as general counsel to David L. Hahn in other unrelated cases; and (3) Trustee has served as

2  accountant to David M. Goodrich and Richard A. Marshack their capacities as Chapter 7 trustee.

3       3.   LBR 2014-1(b)(1)(B) – Disinterestedness of the Firm

4            Pursuant to Pursuant to LBR 2014-1(b)(1)(B), "The application must be

5  accompanied by a declaration of the person to be employed establishing disinterestedness or

6  disclosing the nature of any interest held by such person." The Marshack Declaration submitted

7  with this Application provides information establishing the Firm's disinterestedness.

8       4.   LBR 2014-1(b)(1)(C) – Service on Office of the United States Trustee

9            Pursuant to Pursuant to LBR 2014-1(b)(1)(C), "The United States Trustee must be

10 served, in accordance with LBR 2002-2(a), with a copy of the application and supporting

11 declaration not later than the day it is filed with the court. No hearing is required unless requested

12 by the United States trustee or a party in interest, or as otherwise ordered by the court." As set

13 forth in the sworn Proof of Service filed contemporaneously with this document, the Firm served a

14 copy of this Application on the Office of the United States Trustee on the date this Application

15 was filed with the Court.

16 B.   CONCLUSION

17            WHEREFORE, the Trustee requests that it be authorized to employ the Firm as its

18 general counsel pursuant to 11 U.S.C. §327 at the Firm's hourly rates with any compensation and

19 reimbursement of costs to be paid by the Estate only upon application to and approval by the

20 Court pursuant to 11 U.S.C. §§330 and 331.

21 Dated: October   4  , 2013           Respectfully submitted,

22

23            By: _____

24            DAVID L. HAHN
              Chapter 7 Trustee for the Bankruptcy Estate of
              Osseous Technologies of America, Inc.

25

26

27

28

APPLICATION TO EMPLOY MARSHACK HAYS LLP

148230v1/9999-100

**EXHIBIT 9**

<u>DECLARATION OF RICHARD A. MARSHACK</u>

I, RICHARD A. MARSHACK, declare and state as follows:

1.      I am an attorney at law licensed to practice in this state and admitted to practice in this Court. I am a partner in the law firm Marshack Hays LLP ("MHLLP" or the "Firm") and maintain offices at 870 Roosevelt Avenue, Irvine, California, 92620.

2.      I make this Declaration in support of the Application of Chapter 7 Trustee to Employ Marshack Hays LLP as General Counsel ("Application") filed by the Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estate ("Estate") of Osseous Technologies of America, Inc. (the "Debtor") Case No. 8:13-bk-14500-SC. If called as a witness, I could and would competently testify to the following of my own personal knowledge, information and belief.

3.      I have reviewed the court's PACER docket and the files contained therein for this case. The citations in this Application are all to pleadings previously filed in this case by the U.S. Trustee, Debtor, and creditors and the docket numbers referenced herein are the docket numbers identified on PACER. The information referenced in this Application from the pleadings filed in this case is true and accurate.

4.      The Firm is well-qualified to render the foregoing services. The Firm is comprised of attorneys who have extensive experience in insolvency, bankruptcy and corporate reorganization and is well-qualified to represent the Trustee in proceedings of this nature. The Firm is experienced in debtor/creditor matters, including the representation of trustees in bankruptcy cases. The members of the Firm have practiced in the Bankruptcy Court for many years, and the Firm has handled virtually every type of matter that can arise in the context of a bankruptcy case and is well able to perform the legal services required in this case.

5.      All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California. A biography of each professional of the Firm with billing rates is attached hereto as Exhibit "1." The Firm and each of the members,

APPLICATION TO EMPLOY MARSHACK HAYS LLP

148230v1/1028-024

EXHIBIT 9

1  associates, and paralegals who will work on this case are familiar with the Bankruptcy Code, the

2  Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

3        6.     The Firm's current hourly billing rates are as follows:

| | |
|---|---|
| Partners | $390 to $540 |
| Associates | $285 to $395 |
| Paralegals | $175 to $210 |

8        7.     The Firm has not received a retainer for the services to be performed herein.

9        8.     The Firm understands that its compensation in this case is subject to

10 approval of this Court pursuant to 11 U.S.C. §§ 327, 330 and 331.

11       9.     The Firm has not shared or agreed to share any compensation to be received

12 by it in the case with any other person, except as among partners of the Firm.

13       10.    The Firm completed a conflicts check prior to submitting this Application.

14       11.    To the best of my knowledge, neither the Firm, nor any of the attorneys

15 comprising or employed by it, has any connection with the Debtor or the Debtor's attorneys or

16 accountants, the Debtor's creditors, or any other outside party in interest, or their respective

17 attorneys or accountants, except that the Firm may represent David L. Hahn in his capacity as

18 bankruptcy trustee in other unrelated cases.

19       12.    The Firm is not and was not an investment banker for any outstanding

20 security of the Debtor.

21       13.    The Firm has not been within three (3) years before the date of the filing of

22 the petition herein, an investment banker for a security of the Debtor, or an attorney for such an

23 investment banker in connection with the offer, sale or issuance of any security of the Debtor.

24       14.    The Firm is not and was not, within two (2) years before the date of the

25 filing of the petition herein, a director, officer or employee of the Debtor or of any investment

26 banker for any security of the Debtor.

27

28

APPLICATION TO EMPLOY MARSHACK HAYS LLP

148230v1/1028-024

EXHIBIT 9

15.     As of the Petition Date, the Firm was not a creditor of the Estate, an equity security holder or an insider of the Debtor.   The Firm has no pre-petition claim against Debtor's Estate and was not owed any funds by the Debtor.

16.     The Firm neither holds nor represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

17.     To the best of my knowledge, none of the attorneys comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee, except that: (1) David M. Goodrich and I are panel Chapter 7 trustees; and (2) the Trustee has served as accountant to David M. Goodrich and me in our capacity as a Chapter 7 trustee.

18.     The Firm does not have an interest adverse to the Debtors or the bankruptcy Estate.

19.     Based on the foregoing, the Trustee believes that the Firm is a "disinterested person" within the meaning of Bankruptcy Code §101(14).

After conducting or supervising the investigation described in Paragraph 10 above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on October  4, 2013, at Irvine, California.


/s/  Richard A. Marshack
RICHARD A. MARSHACK

11

APPLICATION TO EMPLOY MARSHACK HAYS LLP

148230v1/1028-024

EXHIBIT 9

EXHIBIT 1

EXHIBIT 9

## PARTNERS

### RICHARD A. MARSHACK

Richard A. Marshack is a founding member of the firm of Marshack Hays LLP. He was born in Las Vegas, Nevada, June 21, 1958. He graduated from University of California at Irvine in 1979 with a Bachelor of Arts degree and California Western School of Law (J.D. Magna Cum Laude, 1982). Recipient, American Jurisprudence Award: Agency and Partnership. Staff Writer, 1980-1981 and Lead Articles Editor, 1981-1982 California Western Law Review. He was admitted to the California Bar in 1982 and the U. S. District Court, Central and Southern Districts of California and U. S. Court of Appeals, Ninth Circuit, 1984.

Mr. Marshack was Law Clerk to the Honorable Folger Johnson, Chief Judge, United States Bankruptcy Court, District of Oregon, 1982-1984, and an Adjunct Professor: Bankruptcy Law, Western States University College of Law, Bankruptcy Law, 1993; Bankruptcy Law, University of California, Irvine, 1985-1992.

Mr. Marshack has authored several articles, including: "The Toxic Claim: Using Bankruptcy Law to Limit Environmental Liabilities," California Bankruptcy Journal, Volume 19, Number 3, 1991; "Recent Developments Under Section 546 of the Bankruptcy Code," Tactics for Unsecured Creditors of Bankrupt Debtors," California Lawyer 21, August, 1984; "Adequate Protection for the Unsecured Creditor Under the Bankruptcy Code", Commercial Law Journal 621, December 1983; "Recent Developments for Reclaiming Goods Under the Bankruptcy Code and the Uniform Commercial Code, "Uniform Commercial Code Law Journal 187, July, 1983; "Reclamation of Goods Under the Bankruptcy Code," Oregon Debtor-Creditor News Letter, I, July 1983; "*Sindell vs. Abbot Laboratories*: Is Market Share Liability the Best Remedy to the DES Controversy" California Western Law Review 143, 1981.

Memberships: Orange County Bankruptcy Forum, Director and President 1995-96; Orange County Bar Association (Commercial Law & Bankruptcy Section), Chairman, 1989; California State Bar Association; Commercial Law League of America; Los Angeles Bankruptcy Forum.

*Panel Bankruptcy Trustee for U.*S. *Bankruptcy Court, Central District of California,* 1985 - *Present.*

### D. EDWARD HAYS

D. Edward Hays, is a founding member of the firm of Marshack Hays LLP. He was born in Los Angeles, California. He graduated with honors from California State University at Fullerton in 1989 with a Bachelor of Arts degree in Business. He graduated from the University of Southern California Law Center in 1992 where he was a member of the Hale Moot Court Honors program. Mr. Hays was admitted to practice in 1992.

Mr. Hays currently serves on the Board of Directors for the following organizations: Legal Aid Society of Orange County; and University of Southern California Law School Annual Fund. He has previously served on the Board for the Cal State University Fullerton Alumni Association; and the Cal State University Fullerton Philanthropic Foundation. In 2004-2005, Mr. Hays served as the President of the Cal State Fullerton Alumni Association and was selected that year as a CSUF Volunteer of the Year. In 2004, Mr. Hays was the Chair of the Resolutions Committee for the Orange County Bar Association and has served as a delegate to the State Bar Conference on behalf of Orange County every year since 1995.

Ed focuses his practice on bankruptcy and litigation matters. In 2000, he was the Chair of the Commercial Law & Bankruptcy Section of the Orange County Bar Association. He also has served as a Director or member of

the following organizations: the Inland Empire Bankruptcy Forum; the Orange County Bankruptcy Forum; the William P. Gray Legion Lex American Inns of Court, the Federal Bar Association, and the Executive Council for the College of Business at Cal State Fullerton. In 1998 and 1999, Mr. Hays also served as a Judge Pro Tem for the Superior Court of the State of California, County of Los Angeles. Ed has been selected on numerous occasions to present continuing education lectures on various legal topics including bankruptcy, litigation, exemptions, and legal research. He also served on the Central District Task Force for Amendments to the Local Bankruptcy Rules.

In 2004, Ed won the State Bar 5k race and, in 2005 and 2006, was the runner-up. He also actively participates in endurance events completing full-distance Ironman Triathlons in 2000 and 2003 and a 50 mile ultra-run in 2009.

Ed's published cases include: *In re Continental Capital & Credit*, 158 B.R. 828 (Bankr. C.D. Cal. 1993); *In re Turner*, 186 B.R. 108 (9th Cir. BAP 1995); *In re National Environmental Waste Corporation*, 191 B.R. 832 (Bankr. C.D. Cal. 1996) *aff'd* 129 F.3d 1052 (9th Cir. 1997); *In re Metz*, 225 B.R. 173 (9th Cir. BAP 1998); *Blonder v. Cumberland Engineering*, (1999) 71 Cal.App.4th 1057, 84 Cal.Rptr.2d 216; *In re Kuraishi*, 237 B.R. 172 (Bankr. C.D. Cal. 1999); *In re Kim*, 257 B.R. 680 (9th Cir. BAP 2000); *In re Dudley*, 249 F.3d 1170 (9th Cir. 2001); *In re Dick Cepek*, 339 B.R. 730 (9th Cir. BAP 2006); *In re Rinard*, 451 B.R. 12 (Bankr. C.D. Cal. 2011); and *In re Four Star Financial Services, Inc.*, 444 B.R. 428 (Bankr. C.D. Cal. 2011) *rev'd* 469 B.R. 30 (C.D. Cal. 2012); and *In re Cass*, 476 B.R. 602 (Bankr. C.D. Cal. 2012).


## DAVID M. GOODRICH

David M. Goodrich is a partner of Marshack Hays LLP.  Mr. Goodrich was born in San Diego, California on January 10, 1975.  Mr. Goodrich graduated from the University of Arizona in 1997 with a Bachelor of Arts degree in Political Science with a minor in General Business.  Mr. Goodrich attended law school at Whittier Law School in Costa Mesa, California and graduated in May 2000.

Prior to joining Marshack Hays LLP, Mr. Goodrich was the founding member of the Goodrich Law Corporation which opened for business on July 1, 2007.  Before incorporating the Goodrich Law Corporation, Mr. Goodrich was an associate at Cooksey, Toolen, Gage, Duffy & Woog, P.C. for seven years and served as the firm's bankruptcy department manager for four years.  Mr. Goodrich also served as a summer extern at Malcolm, Cisneros and Hauser in 1998.

Mr. Goodrich is a Chapter 7 Panel Trustee for the Central District of California – Los Angeles Division.  Mr. Goodrich has also served as a Chapter 11 Trustee.

Mr. Goodrich has represented debtors, creditors and trustees in main case and adversary proceedings throughout State of California.  He has also represented secured and unsecured creditors in civil litigation cases since 2000.

Mr. Goodrich has been certified as a Bankruptcy Law Specialist by State Bar of California.

In 2007, Mr. Goodrich authored AmeriCredit Financial Services' briefs filed in the matters of *In re Penrod* and *In re Cohrs*, as wells as co-authoring the brief filed by Ford Motor Credit in the matter of *In re Dumont*.

Mr. Goodrich has served as Panelist for the Los Angeles, Riverside, and Orange County Bankruptcy Forums on creditor rights under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Orange County: April 2005, October 27, 2005 and May 11, 2006; Riverside: July 2005; and Los Angeles: October 6, 2005), as well as debtor and creditor rights in connection with Reaffirmation Agreements (Los Angeles 2007; and Orange County November 30, 2010).

In 2005, Mr. Goodrich worked with Judge Barr to draft revised local rules for the Central District of California to reflect the changes made under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

Mr. Goodrich is a member of State Bar of California (2000), the Orange County Bar Association (2007), a Board Member of the Orange County Bankruptcy Forum (2011), and the Los Angeles Bar Association, Commercial and Bankruptcy Law Section (2007).

## OF COUNSEL

KRISTINE A. THAGARD is of Counsel to Marshack Hays LLP. Ms. Thagard's practice areas includes contract, construction, loan enforcement (including lender's right to insurance proceeds and guarantees), purchase and sale transactions, partnership dispute, toxic cleanup and environmental contamination, broker malfeasance, fiduciary duty (broker/agent, partnership and trust), and insurance (negotiation, bad faith, and declaratory relief). She has significant litigation experience in multi-party complex construction defect actions, all aspects of general/commercial liability defense (construction, product and premise liability), subrogation, and real estate (broker/agent, contract, title, contract and fraud).

Ms. Thagard was born in Lynwood, California and graduated cum laude from Menlo College where she is a member of the Board of Trustees. She received her J.D. from the University of Southern California in 1980. While in law school she served as a judicial extern to the Honorable Robert Kingsly, Second Appellate District Court of Appeal. She is admitted to practice in both California (1980) and Nevada (2001) as well as the Federal Courts of both states. She also holds a California Real Estate Broker's License.

## ASSOCIATES

**CYNTHIA S. CONNERS** is an associate of the firm of Marshack Hays LLP. She was born in Boston, Massachusetts. She graduated cum laude from UCLA with a Bachelor of Arts degree in Political Science, completed course work for her Masters Degree in Public Administration at the University of San Francisco, and received her Juris Doctor from the University Of California Los Angeles School Of Law in 1983, graduating in the top one percent of her class. She was a member of the UCLA Law Review in 1981-1982, and a Comment Editor in 1982-1983, Order of the Coif, and received the American Jurisprudence award for Evidence. She served as extern law clerk to the Honorable Richard Hill, Central District of California, in 1982. Ms. Conners was admitted to the State Bar of California in 1983, to the Nevada Bar in 1999, and to the New Jersey State Bar in 2004.

She served in the United States Army from 1975 to 1985, and served as a Judge Advocate General's Corps prosecutor for the Second Infantry Division in Korea and as a defense counsel at the Presidio of San Francisco. After serving in the Army she practiced as a litigation associate and partner at several prestigious law firms handling many complex trials.

Ms. Conners is currently the Mayor of the City of Laguna Woods. She also serves on the Orange County Waste Management Commission, the Coastal Greenbelt Authority, and the El Toro Water District Advisory Council.

**MARTINA A. SLOCOMB** is an associate attorney at Marshack Hays LLP. Her practice involves a wide range of Chapter 7 and Chapter 11 bankruptcy, creditors' rights, and business and civil litigation matters. Ms. Slocomb's bankruptcy experience includes representing Chapter 7 trustees in locating and administering estate assets, litigating actions against debtors including nondischargeability and asset recovery actions, and litigating actions against third party recipients of fraudulent and preferential transfers. Ms. Slocomb has represented secured and unsecured creditors who have claims against individuals and corporations that have filed for bankruptcy, including lenders, landlords, and trade creditors. She regularly represents creditors in adversary actions to have the debts owed to them determined nondischargeable in a debtor's bankruptcy. Ms. Slocomb has also represented multiple Chapter 11 debtors and creditors' committees.

Ms. Slocomb's civil litigation experience includes obtaining pre-judgment remedies; enforcing judgments; defending borrowers sued for judicial foreclosure and to enforce personal guaranties; seeking appointment of receivers for creditors; representing receivers in state court actions in which they had been appointed; defending developers, banks, and other parties who have been sued for foreclosure of mechanic's liens and enforcement of stop notice claims; seeking unlawful detainer judgments on behalf of landlords and lenders; and handling a variety of other civil litigation matters.

Ms. Slocomb is admitted to practice law in California and Montana and is admitted to the United States District Courts for the Central, Southern, and Eastern Districts of California.  She is member of the Orange County Bar Association, the Orange County Bankruptcy Forum, and the Los Angeles County Bar Association.

Ms. Slocomb graduated from Lewis & Clark College in Portland, Oregon in 2001 with a Bachelor of Arts in International Affairs and Foreign Languages with an emphasis in Spanish and French.  She received her J.D. from the University of Southern California in 2007.  While at USC, Ms. Slocomb was the Managing Editor of the Review of Law & Social Justice.  In 2007 she served as a judicial extern to the Honorable Dale S. Fischer of the United States District Court for the Central District of California.

**JUDITH E. MARSHACK** is an Associate with Marshack Hays LLP. She was born in Inglewood, CA. Ms. Marshack graduated from the California State University, Long Beach in 1982 and from Western State University, College of Law in 1992, and was admitted to practice law in 1992.

**SARAH C. BOONE** is an Associate attorney at Marshack Hays LLP.  Her practice involves a wide range of business and civil litigation, creditors' rights, and bankruptcy matters. Her bankruptcy law practice often involves representation of Trustees on behalf of secured and unsecured creditors who have claims against individuals and corporations that have filed for bankruptcy, including lenders, landlords, and trade creditors. Ms. Boone's previous litigation experience includes extensive federal securities litigation practice with emphasis on representation of institutional and individual clients in class action lawsuits alleging public companies' violations of the Securities Act and Securities Exchange Act, under the umbrella of the Private Securities Litigation Reform Act.

Ms. Boone is admitted to practice law in California and Montana and is admitted to the United States District Courts for the Northern, Central, and Southern Districts of California and the United States District Court for the District of Montana.  She is an Editor of the California Bankruptcy Journal and a member of the Orange County Bar Association and the San Diego County Bar Association.

Ms. Boone graduated from the University of Southern California in Los Angeles, California with a Bachelor of Arts in Philosophy and a Master of Fine Arts in Professional Writing.  She received her J.D. in 2007 from Tulane University Law School in New Orleans, Louisiana.

**CHAD V. HAES** is an associate attorney at Marshack Hays LLP.  His practice areas include bankruptcy litigation, business and civil litigation, lender liability, and creditors' rights.  Mr. Haes' litigation experience includes representing institutional lenders in actions related to lien priority and wrongful foreclosure, prosecuting and enforcing mechanic's liens, seeking unlawful detainer judgments on behalf of secured lenders and representing creditors, debtors and trustees in the bankruptcy context.

Mr. Haes is a California native who earned his Bachelor of Arts degree from Azusa Pacific University in 2004 and his law degree from Southwestern Law School in 2008.  Prior to joining Marshack Hays, Mr. Haes served a two-year term as the judicial law clerk to the Honorable Meredith A. Jury of the United States Bankruptcy Court for the Central District of California, Riverside Division.  Mr. Haes also externed for Honorable Samuel L. Bufford of the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

While in law school, Mr. Haes was a member of the Moot Court Honors Program and the recipient of the John J. Schumacher full-tuition scholarship, the Equal Justice America fellowship, the Wiley W. Manuel Award for Pro Bono Legal Services and the CALI Excellence Award for Constitutional Law.  Mr. Haes was also selected as a finalist oralist and finalist writer in the Southwestern First-Year Intramural Moot Court Competition and a finalist oralist in the Rendigs National Products Liability Moot Court Competition.

**DAVID A. WOOD** is an associate attorney at Marshack Hays LLP. His practice areas include bankruptcy litigation, business and civil litigation, lender liability, and creditors' rights.

Mr. Wood earned his Bachelor of Arts degree from Biola University in 2003, where he graduated magna cum laude.  Thereafter, Mr. Wood was a senior associate at Alfred Gobar Associates, a firm specializing in developing econometric modeling systems to evaluate land development opportunities, and the existence of economic blight.  He earned his law degree from Chapman University School of Law in 2010, where he graduated in the top 6% of his class. Prior to joining Marshack Hays, Mr. Wood served a two-and-a-half year term as the judicial law clerk to the Honorable Erithe A. Smith of the United States Bankruptcy Court for the Central District of California, Santa Ana Division.  Mr. Wood also externed for Honorable Theodor C. Albert of the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

While in law school, Mr. Wood was a symposium editor for the Chapman Law Review and the recipient of the CALI Excellence Award for Immigration Law and Select Topics in American Law.

## PARALEGALS AND TRUSTEE ADMINISTRATORS

**PAMELA KRAUS**, Trustee Case Administrator and Paralegal 1990 to Present;   Education:   Coastline Community College, Costa Mesa (A.A. 2004);   Legal Assistant Training Program, Coastline Community College, American Bar Association Certification (Completion 2004).   Member:  Orange County Paralegal Association; Orange County Bankruptcy Forum; National Association of Bankruptcy Trustees.

**LAYLA BERGINI**, Experience: Ms. Bergini has over seventeen years of law related experience working in civil, bankruptcy and family law, while working under the direct supervision of active members of the California State Bar.  Member:  Orange County Legal Secretaries Association.  Ms. Bergini has extensive knowledge in all aspects of state and federal court litigation and bankruptcy practices.

**CHANEL MENDOZA**, Experience: Ms. Mendoza has worked in the legal field for more than fifteen years. After graduating high school, she enrolled in a legal secretary program.  Shortly after graduation, she began a decade-long career as a legal assistant in both federal and state court matters qualifying her as a paralegal under California law.  Ms. Mendoza has a proven track record of drafting notices, basic motions, agreements, proofs of service, complaints, answers, declarations and orders.  She has completed the course offered by the United States Bankruptcy Court for the Central District of California on Electronic Case Filing ("ECF").  Ms. Mendoza has developed exceptional organizational and writing skills and remains dedicated to providing uncompromising service.   Chanel was a former Board Member of NALS and is a current member of the National Notary Association and Orange County Legal Secretaries Association, Inc.

**CYNTHIA BASTIDA**, Experience: Ms. Bastida has over fourteen years of experience working as a Legal Assistant/Paralegal.  She is a certified Paralegal (completion in 1991) and earned a Bachelor of Arts from California State University Fullerton in 2004.  Her experience ranges from civil litigation, real estate and corporate law as well as eminent domain.  She has experience in trial preparation and has drafted notices, motions and discovery.

**LAURIE MCPHERSON**, Trustee Case Administrator 2007 to present;   Trustee field agent and/ paraprofessional 1988 to 2007;  Experience: Twenty years of law related experience as a bankruptcy trustee paraprofessional working under the direct supervision of active members of the California State Bar and attorneys who practice in federal courts located in California.

**ANGELA CONNELL**, Trustee Case Administrator for David M. Goodrich, 2011 to present; Ms. Connell attended Arizona State University and earned a Bachelor of Arts in Theatre Performance and Shakespearian Literature and a second Bachelor of Arts degree in Business Management and Global Health. Ms. Connell has worked in various positions in the legal field, including, but not limited to, preparation of Chapter 7 and 13 petitions, assisting attorneys in client consultations, depositions and trial preparation and supervising the intake of all potential Chapter 7 bankruptcy clients. Ms. Connell is currently seeking her MBA from UCLA Anderson School of Management.

Billing Rates:

| Timekeeper | Rate |
| --- | --- |
| Richard A. Marshack | $540.00 |
| D. Edward Hays | $475.00 |
| David M. Goodrich | $390.00 |
| Kristine A. Thagard | $380.00 |
| Cynthia S. Conners | $395.00 |
| Martina A. Slocomb | $325.00 |
| Judith Marshack | $325.00 |
| Sarah C. Boone | $325.00 |
| Chad V. Haes | $295.00 |
| David A. Wood | $285.00 |
| Pamela Kraus | $210.00 |
| Chanel Mendoza | $175.00 |
| Layla Bergini | $175.00 |
| Cynthia Bastida | $150.00 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt Avenue, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 6, 2013**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- INTERESTED PARTY: Addison K Adams      aadams@richardsonpatel.com
- ATTORNEY FOR DR. RONALD CARDOSO: Jeffrey S Goodfried     jgoodfried@perkinscoie.com, cmallahi@perkinscoie.com
- David L Hahn (TR)     trustee@hahnfife.com, dhahn@ecf.epiqsystems.com
- ATTORNEY FOR PETITIONING CREDITOR ENTERPRISE COUNSEL GROUP ALC: David E Libman thansen@enterprisecounsel.com
- ATTORNEY FOR PETITIONING CREDITOR PATRICK CURRAN: Thomas J Polis     tom@polis-law.com
- ATTORNEY FOR DEBTOR: Leonard M Shulman     lshulman@shbllp.com
- INTERESTED PARTY: United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On **October 7, 2013**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**DEBTOR**
OSSEOUS TECHNOLOGIES OF AMERICA INC
4695 MACARTHUR CT STE 1430
NEWPORT BEACH, CA 92660-1869

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

SERVICE ON JUDGE NOT REQUIRED PURSUANT TO LBR 5005-2(d)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 7, 2013 | Pamela Kraus | /s/ Pamela Kraus |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
148230v1/1028-024

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT 9

# Exhibit 10

1  RICHARD A. MARSHACK, #107291
   rmarshack@marshackhays.com
2  DAVID A. WOOD, #272406
   dwood@marshackhays.com
3  **MARSHACK HAYS LLP**
   870 Roosevelt Avenue
4  Irvine, CA 92620
   Telephone:  (949) 333-7777
5  Facsimile:  (949) 333-7778

6  Attorneys for Chapter 7 Trustee,
   DAVID L. HAHN

7

8

```
FILED & ENTERED

     OCT 25 2013

CLERK U.S. BANKRUPTCY COURT
 Central District of California
BY deramus  DEPUTY CLERK
```

9              UNITED STATES BANKRUPTCY COURT

10        CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

11

12  In re                         Case No.  8:13-bk-14500-SC

13  OSSEOUS TECHNOLOGIES OF        Chapter  7
    AMERICA, INC.,
14                                 **ORDER GRANTING APPLICATION BY
                                   CHAPTER 7 TRUSTEE TO EMPLOY
15          Debtor.                MARSHACK HAYS LLP AS GENERAL
                                   COUNSEL**
16
                                   [Unopposed Motion – No Service of Proposed
17                                 Order or Lodgment Period Required Pursuant to
                                   LBR 9021-1(b)(4)]
18

19

20        The Court having read and considered the Chapter 7 Trustee's Application to

21  Employ Marshack Hays LLP as General Counsel and the Declaration Richard A. Marshack in

22  Support (the "Application") filed as Docket No. 116 and it appearing from the Declaration of

23  Non-Opposition filed by Richard A. Marshack as Docket No. 147 that proper notice has been

24  given and good cause has been shown, the Court hereby makes its Order as follows:

25  / / /

26  / / /

27  / / /

28

150638v1/1028-024                              1

EXHIBIT 10

1    **IT IS HEREBY ORDERED** that the Chapter 7 Trustee's Application to employ

2  MARSHACK HAYS LLP as the estate's general counsel pursuant to 11 U.S.C. Section 327 is

3  hereby granted.  Any compensation or reimbursement of costs shall only be paid upon

4  application to and approval by the Court pursuant to 11 U.S.C. Sections 330 or 331.

5                                  # # #

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
Date: October 25, 2013

25                                       Scott C. Clarkson
                                         United States Bankruptcy Judge

26

27

28

150638v1/1028-024

2

EXHIBIT 10

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **ORDER GRANTING APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL** was entered on the date indicated as AEntered@ on the first page of this judgment or order and will be served in the manner stated below:

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of **October 25, 2013**, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Addison K Adams     aadams@richardsonpatel.com
- M Douglas Flahaut     flahaut.douglas@arentfox.com
- Jeffrey S Goodfried     jgoodfried@perkinscoie.com, cmallahi@perkinscoie.com
- David L Hahn (TR)     trustee@hahnfife.com, dhahn@ecf.epiqsystems.com
- David E Libman     thansen@enterprisecounsel.com  .
- Richard A Marshack     rmarshack@marshackhays.com, lbergini@marshackhays.com;ecfmarshackhays@gmail.com
- Thomas J Polis     tom@polis-law.com
- Leonard M Shulman     lshulman@shbllp.com
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

**DEBTOR**
Osseous Technologies of America Inc
4500 Campus Dr
Suite 662
Newport Beach, CA 92660

☐ Service information continued on attached page

3. **TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an AEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an AEntered@ stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9021-1.1.NOTICE.ENTERED.ORDER**

**EXHIBIT 10**

Exhibit 11

1  RICHARD A. MARSHACK, #107291
   rmarshack@marshackhays.com
2  DAVID A. WOOD, #272406
   dwood@marshackhays.com
3  **MARSHACK HAYS LLP**
   870 Roosevelt Avenue
4  Irvine, CA 92620
   Telephone:  (949) 333-7777
5  Facsimile:  (949) 333-7778

6  Proposed Attorneys for Chapter 7 Trustee,
   DAVID L. HAHN
7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

10

11 | In re | Case No.  8:13-bk-14500-SC |
12 | OSSEOUS TECHNOLOGIES OF | Chapter  7 |
   | AMERICA, INC., | |
13 | | APPLICATION BY CHAPTER 7 TRUSTEE TO |
   | Debtor. | EMPLOY LORI J. ENSLEY AS FIELD AGENT |
14 | | AND APPROVAL OF INTERIM PAYMENT |
   | | PROCEDURE; DECLARATIONS OF DAVID |
15 | | A. WOOD AND LORI J. ENSLEY IN |
   | | SUPPORT |
16 | | |
   | | [No Hearing Required] |
17

18 TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

19 THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED

20 PARTIES:

21         David L. Hahn, in his capacity as Chapter 7 Trustee ("Trustee") of the

22 Bankruptcy Estate ("Estate") of  Osseous Technologies of America, Inc. ("Debtor") respectfully

23 submits this emergency  application ("Application") for entry of an Order authorizing the

24 employment of Lori J. Ensley ("Agent") as the Trustee's field agent in this case pursuant to 11

25 U.S.C. §327, effective October 13, 2013.

26         In support of this Application, the Trustee respectfully represents as follows:

27 / / /

28 / / /

1
APPLICATION TO EMPLOY FIELD AGENT

149533v1/1028-024

EXHIBIT 11

I.    PURPOSE OF EMPLOYMENT

      The Trustee seeks to hire Ms. Ensley to hire to assist in operating the business, to assist in evaluating the financial and business records, and to assist counsel for the Trustee to analyze and pursue assets of the estate.

II.    PERTINENT BACKGROUND FACTS[1]

      An Involuntary Petition against the Debtor was filed on May 22, 2013 by creditor: Patrick Curran.

      On June 20, 2013, the Debtor filed its answer to the Involuntary Petition. On August 21, 2013, an Order for Relief under Chapter 7 of the Bankruptcy Code was entered (the "Relief Order No. 1").

      Thereafter, on August 23, 2013, Debtor and Mr. Curran filed a stipulation for "Delay and Execution of Entry and Entry for Order for Relief and Anticipated Request for Dismissal of Case Pending Completion of Settlement" (the "Dismissal Stipulation"). The court granted the Stipulation, and vacated Relief Order No. 1 via an order entered on August 23, 2013 (the "Stipulation Order").

      On August 29, 2013, Debtor filed a motion to dismiss the underlying bankruptcy case (the "Dismissal Motion").

      On September 9, 2013, the court issued an "Order To Show Cause Why Order For Relief Should Not be Entered" (the "OSC") which was set for hearing for September 19, 2013. After the hearing held on September 19, 2013, the court entered an "Order For Relief in An Involuntary Case" (the "Relief Order No. 2."). Pursuant to the Relief Order No. 2, Debtor was to "file within seven (7) days after entry of this order for relief, a list containing the name and address of each entity included on Schedule D, E, F, G, and H, as prescribed by the Official Forms. . . Debtor must file schedules, and statement referred to in Federal Rules of Bankruptcy Procedure 1007 within fourteen (14) days after entry of this Order for Relief." *See Relief Order*

---

[1] The facts set forth in this section were obtained from pleadings found on the Court's PACER website.  *See* Declaration of Richard A. Marshack ("Marshack Decl."), ¶ 3.)

APPLICATION TO EMPLOY FIELD AGENT

149533v1/1028-024

EXHIBIT 11

1   *No. 2*, pg. 2, lns 6-11. Stated otherwise, Debtor had until September 26, 2013 to file a list of

2   creditors, and until October 3, 2013 to file his schedules and statement of financial affairs.

3             On October 2, 2013, David L. Hahn was appointed as Chapter 7 trustee ("Trustee")

4   for the bankruptcy estate ("Estate"). Debtor filed a stipulation vacating the Dismissal Motion

5   which was approved by the court via an order entered on October 2, 2013.

6             On October 7, 2013, the Trustee filed an "Emergency Application for an Order to

7   Show Cause" which came for hearing on October 10, 2013. *See* Docket Entry No. 119. At the

8   October 10, 2013, the Court granted the Trustee's application and set a hearing on October 24,

9   2013. On October 16, 2013, the Court entered the order to show cause (the "OSC"). Concurrent

10  with this instant application, the Trustee has filed a motion to operate the Business (the "Motion to

11  Operate").

12       A.    <u>REQUIREMENTS FOR APPLICATION TO EMPLOY PROFESSIONAL</u>

13            Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local

14  Bankruptcy Rule 2014-1, there follows a summary of the proposed employment of the Agent.

15  Should any additional information be requested by the Office of the United States Trustee, the

16  Court, or any party in interest, the Trustee will provide a supplemental declaration prior to any

17  hearing on this Application.

18       1.    <u>LBR 2014-1(b)(1)(A) and LBR 2014-1(b)(3)(B) – Employment and Compensation</u>

19            Pursuant to LBR 2014-1(b)(1)(A), "[a]n application seeking approval of

20  employment of a professional person pursuant to 11 U.S.C. §§ 327, 328, 1103(a), or 1114 must

21  comply with the requirements of FRBP 2014 and 6003(a) and be filed with the court. The

22  application must specify unambiguously whether the professional seeks compensation pursuant to

23  11 U.S.C. § 328 or 11 U.S.C. § 330."

24            Pursuant to LBR 2014-1(b)(3)(B), the Notice of the Application must also "[s]tate

25  whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330."

26            The Trustee seeks employment of the Agent pursuant to 11 U.S.C. §327.  The

27  Agent will seek compensation pursuant to 11 U.S.C. §§330 and 331.

28

APPLICATION TO EMPLOY FIELD AGENT

149533v1/1028-024

**EXHIBIT 11**

2.    <u>FRBP 2014</u>

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure provides as follows:

An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to §327, §1103, or §1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

The Trustee is seeking employment of the Firm.  A copy of this Application will be served on the Office of the United States Trustee.

a.    <u>FRBP 2014 - Facts Showing the Necessity for the Employment</u>

Debtor operates a business known as Brazilian American Trading Company, Inc., dba Osseous Technologies of America (the "Business"). The Business is a medical device company which focuses on the sale and distribution of dental products. The Business was incorporated in Delaware in 2003, but currently operates out of Newport Beach, CA. The Business sells supplies to doctors who specialize in the restoration and placement of dental implants. Primarily, a majority of the products sold are accessories to implantology.[2] The Business does not sell actual dental implants. Moreover, the Business recently developed a collagen for dental implants which was patented in January 2013 (the "Patent").[3] The collagen and its uses have been approved by the United States Food and Drug Administration (the "FDA") for dental application. However, the patented technology has potential beyond its current dental applications.

---

[2] Debtor's website can be found at http://www.osseoustech.com/

[3] The Trustee is informed and believes that Debtor is the assignee of the Patent.

4

APPLICATION TO EMPLOY FIELD AGENT

149533v1/1028-024

EXHIBIT 11

1    In this case, the Trustee requires Ms. Ensley to oversee the financial aspects of the

2   Business. Ms. Ensley has experience operating businesses, and has the resources, time, and staff

3   that may be necessary to operate the Business. In addition, Ms. Ensley can oversee the financial

4   aspects of the Business while it is being marketed for sale to ensure that it maintains its value and

5   all funds are properly accounted for by the Debtor. Ms. Ensley can also assist the Trustee in his

6   marketing efforts by providing information, independent of Debtor, regarding the value of the

7   Business assets and the value of the business as a going concern. Ms. Ensley will operate the

8   Business on a day-to-day basis.

9    i.   <u>FRBP 2014 and LBR 2014-1(b)(3)(A) - Name of the Person to Be Employed</u>

10    In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy

11   Procedure, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the

12   *identity of the professional* and the purpose and scope for which it is being employed" (emphasis

13   added).

14    The Trustee seeks to employ Lori J. Ensley.  Pursuant to Rule 2014(b) of the

15   Federal Rules of Bankruptcy Procedure, Ms. Ensley will act as agent for the Estate without further

16   order of the court.

17    b.   <u>FRBP 2014 and LBR 2014-1(b)(3)(A) - Reasons for the Selection</u>

18    In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy

19   Procedure, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the

20   identity of the professional and the *purpose* and scope for which it is being employed" (emphasis

21   added).

22    The Trustee believes that the Agent is well-qualified to render the foregoing

23   services.  Agent specializes in insolvency, bankruptcy and corporate reorganization.  Furthermore,

24   Agent is experienced in debtor/creditor matters, including assisting trustees in bankruptcy cases.

25   A biography of Ms. Ensley is attached as **Exhibit 1** to the Declaration of Lori J. Ensley ("Ensley

26   Declaration").

27

28

APPLICATION TO EMPLOY FIELD AGENT

149533v1/1028-024

EXHIBIT 11

c.     <u>FRBP 2014 and LBR 2014-1(b)(3)(A) - Professional Services to be</u>
<u>Rendered</u>

In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy Procedure, LBR 2014-1(b)(3)(A) provides that the Notice of the Application must "[s]tate the identity of the professional and the purpose and *scope* for which it is being employed" (emphasis added).

The Trustee requires the assistance of the Agent to investigate Debtor's financial affairs, and to assist the Trustee in the following matters, including, but not limited to:

Daily Operations
- Shipping & Receiving
- All Banking
- Daily verification of cash sales & deposits
- Monitoring bank accounts online for credit card deposits and cash flow
- Daily sales, including cash on delivery (CODs)
- A/P
- Inventory Issues
- Personnel Issues
- Warehouse Safety
- Hiring/Firing
- Meeting with employees re: Trustee's role
- Payroll
- Verify time sheets, oversee data input and electronic payroll service

Insurance Status Verification

Trustee Liaison
- All assignments given by David L. Hahn
- Meetings with principals- Act as Trustee's eyes and ears on location –
- Asset analysis
– Review business and financial documents and records to assist in determining bona fide transactions and assets of the estate

None of the services performed by the Firm will duplicate services but will supplement services performed by other professionals employed in these cases.

**<u>Trustee contends that Agent will provide no services that are listed in</u>**
**<u>paragraph (f)(1) of LBR 2016-2.</u>**

6

APPLICATION TO EMPLOY FIELD AGENT

149533v1/1028-024

EXHIBIT 11

1            d.     <u>FRBP 2014 and LBR 2014-1(b)(3)(C) - Proposed Arrangement for</u>

2            <u>Compensation</u>

3            In addition to the provisions of Rule 2014 of the Federal Rules of Bankruptcy

4    Procedure, LBR 2014-1(b)(3)(C) provides that the Notice of the Application must "[d]escribe the

5    arrangements for compensation, including the hourly rate of each professional to render services,

6    source of the fees, the source and amount of any retainer, the date on which it was paid, and any

7    provision regarding replenishment thereof[.]"

8            Agent will render services to the Estate at the Agent's reduced hourly rate of

9    $75.00, which may be adjusted from time to time. It is noteworthy that Agent's standard hourly

10   rate for representation of chapter 11 debtors and chapter 7 trustees is $195.  Agent has agreed to a

11   significant reduction because the number of hours involved in this particular case would be cost

12   prohibitive if she charged her normal rate.

13           Agent will be compensated from assets of the Estate, if any, and will not be

14   compensated absent the Estate's receipt or recovery of such assets.  Agent has received no retainer

15   for the services to be performed in this case, and has agreed that no retainer will be paid.

16           Trustee requests authorization to pay, on a monthly basis, 80% (eighty percent) of

17   the Agent's fees in an amount not to exceed $10,400 (80% of forty (40) hours per week multiplied

18   by $75.00 per hour, for 4.3 weeks per month).[4] Agent will present Trustee with a bill which

19   complies with the Federal Rules of Bankruptcy Procedure Rule 2016 to include detailed time

20   entries by category and type of service. Trustee also requests authority to pay 100% of the Agent's

21   out-of-pocket expenses on a monthly basis.  Agent will not bill for travel time.  However, Agent

22   will bill for the following out-of-pocket expenses:

23

| Mileage (at IRS standard for 2013) | $0.565 per mile |
|---|---|
| Document Reproduction | $.20 per page |
| Facsimiles | $.50 per page |

27

28   _____

[4] The Trustee and the Agent believe that once the Agent is able get a full "grasp" of the ongoing business, she can reduce her weekly hours to 35 hours per week.

APPLICATION TO EMPLOY FIELD AGENT

149533v1/1028-024

EXHIBIT 11

1    Agent understands that its compensation in this case is subject to approval by the

2  Bankruptcy Court.  In compliance with 11 U.S.C. §§330 and 331, approximately every four

3  months, or when appropriate, Agent will file an application with the Court seeking allowance and

4  payment of its fees and costs incurred to that date in accordance with the Bankruptcy Code, the

5  Federal Rules of Bankruptcy Procedures, the Local Bankruptcy Rules, and the Guides of the UST.

6    The Firm understands and agrees that the proposed compensation arrangement will

7  be subject to the provisions of Bankruptcy Code Section 328, which authorizes this Court to allow

8  compensation different from that provided herein if those fee arrangements appear, in retrospect,

9  to have been improvident in light of developments unanticipated at the outset of the case.

10    e.    FRBP 2014 - Firm's Connections and Associations

11    Except as disclosed herein and to the best of the Agent's knowledge, neither the

12  Agent, nor any persons employed by Agent, has any connection with the Debtor or the Debtor's

13  attorneys or accountants, the Debtor's creditors, or any other outside party in interest, or their

14  respective attorneys or accountants.

15    Based on the foregoing, the Trustee believes that the Agent is a "disinterested

16  person" within the meaning of Bankruptcy Code Section 101(14).

17    Agent does not have an interest adverse to the Debtor or the bankruptcy Estate.  As

18  of the Petition Date, Agent was not a creditor of the Estate and was not owed any funds by the

19  Debtor.

20    To the best of the Agent's knowledge, and as set forth in the attached Ensley

21  Declaration, neither the Agent, nor any persons employed by Agent, are related to any judge of the

22  United States Bankruptcy Court for the Central District of California, the United States Trustee, or

23  any person currently employed in the Office of the United States Trustee, except that Agent has

24  served as field agent to David L. Hahn and Richard A. Marshack in other unrelated cases.

25    3.    LBR 2014-1(b)(1)(B) – Disinterestedness of the Firm

26    Pursuant to Pursuant to LBR 2014-1(b)(1)(B), "The application must be

27  accompanied by a declaration of the person to be employed establishing disinterestedness or

28

8

APPLICATION TO EMPLOY FIELD AGENT

149533v1/1028-024

EXHIBIT 11

1    disclosing the nature of any interest held by such person." The Ensley Declaration submitted with

2    this Application provides information establishing Agent's disinterestedness.

3           4.    LBR 2014-1(b)(1)(C) – Service on Office of the United States Trustee

4                  Pursuant to Pursuant to LBR 2014-1(b)(1)(C), "The United States Trustee must be

5    served, in accordance with LBR 2002-2(a), with a copy of the application and supporting

6    declaration not later than the day it is filed with the court. No hearing is required unless requested

7    by the United States trustee or a party in interest, or as otherwise ordered by the court." As set

8    forth in the sworn Proof of Service filed contemporaneously with this document, the Trustee

9    served a copy of this Application on the Office of the United States Trustee on the date this

10   Application was filed with the Court.

11   B.     CONCLUSION

12                 WHEREFORE, the Trustee requests that it be authorized to employ Lori J. Ensley

13   as field agent pursuant to 11 U.S.C. §327, effective October 13, 2013, at the Agent's hourly rates

14   with any compensation and reimbursement to be paid as detailed herein, pursuant to 11 U.S.C.

15   §§330 and 331.

16   Dated: October  ż ż , 2013          Respectfully submitted,

17

18                                By: _____
                                       DAVID L. HAHN
19                                     Chapter 7 Trustee for the Bankruptcy Estate of
                                       Osseous Technologies of America, Inc.

20

21

22

23

24

25

26

27

28

APPLICATION TO EMPLOY FIELD AGENT

149533v1/1028-024

EXHIBIT 11

## DECLARATION OF RICHARD A.MARSHACK

I, RICHARD A. MARSHACK, declare and state as follows:

1.  I am an attorney at law licensed to practice in this state and admitted to practice in this Court. I am a partner of the law firm Marshack Hays LLP, proposed attorneys for David L. Hahn, Chapter 7 Trustee.

2.  If called as a witness, I could and would competently testify to the following of my own personal knowledge, information and belief.

3.  I have reviewed the court's PACER docket and the files contained therein for this case. The citations in this Application are all to pleadings previously filed in this case by the U.S. Trustee, Debtor, and creditors and the docket numbers referenced herein are the docket numbers identified on PACER. The information referenced in this Application from the pleadings filed in this case is true and accurate.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on October 22, 2013, at Irvine, California.

  _/s/  Richard A. Marshack_
RICHARD A. MARSHACK

APPLICATION TO EMPLOY FIELD AGENT

149533v1/1028-024

EXHIBIT 11

<u>DECLARATION OF LORI J. ENSLEY</u>

I, LORI J. ENSLEY, declare and state as follows:

1.      I am over the age of eighteen and have personal knowledge of the information contained herein and if called upon to testify, I could and would competently testify thereto.

2.      I make this Declaration in support of the Application of Chapter 7 Trustee to Employ Lori J. Ensley as Field Agent (the "Application") as filed by the Chapter 7 Trustee David L. Hahn (the "Trustee") for the Bankruptcy Estate ("Estate") of Osseous Technologies of America, Inc. (the "Debtor") Case No 8:13-bk-14500-SC.

3.      I have agreed to accept compensation as set forth in the Application.

4.      I specialize in insolvency, bankruptcy and corporate reorganization and experienced in debtor/creditor matters, including assisting trustees in bankruptcy cases. I am familiar with the rules and processes employed in the bankruptcy courts for the Central District of California.

5.      A summary of my qualifications is attached hereto as Exhibit "1."

6.      To the best of my knowledge, I do not hold any materially adverse interest with the Debtor or the Debtor's attorneys or accountants, the Debtor's creditors, or any other outside party in interest, or their respective attorneys or accountants.

7.      I am a "disinterested person" within the meaning of Bankruptcy Code Section 101(14). I do not have an interest adverse to the Debtor or the Estate. As of the Petition Date, I was not a creditor of the Estate and was not owed any funds by the Debtor.

8.      To the best of my knowledge, I have no connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States Trustee.

9.      To the best of my knowledge, I have no relation to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee, except that I have served as field agent to David L. Hahn and Richard A. Marshack in other unrelated cases.

APPLICATION TO EMPLOY FIELD AGENT

149533v1/1028-024

EXHIBIT 11

10.    I have no pre-petition claim against Debtor's Estate.

11.    I have not received a retainer for the services to be performed herein and understand that my compensation in this case is subject to approval of this Court pursuant to 11 U.S.C. §§ 327 and 328.

12.    Attached hereto is my resume.

13.    I have served as an agent for several Trustees including Richard A. Marshack and Lynda T. Bui.

14.    I have overseen operations of several businesses in a Chapter 11 and Chapter 7 including various Chapter 11 businesses and a medical device company I oversaw with Nanette Sanders as attorney for Debtor.

15.    I typically charge $195.00 per hour but as a result of negotiations with the Trustee and his professionals, I have agreed to bill at $75 per hour.

16.    I have a background in forensic analysis and therefore expect to save the estate a substantial amount of money by undertaking review of records that commonly performed by accountants.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on October 21, 2013 at Newport Beach, California.

LORI J. ENSLEY

12

APPLICATION TO EMPLOY FIELD AGENT

149533v1/1028-024

EXHIBIT 1

EXHIBIT 11

## RESUME

EDUCATION:  Graduated in 1983 from the University of California Los Angeles with a Bachelor of Arts in English and minor in Economics.

EXPERIENCE:  Ms. Ensley's experience includes nine years of accounting experience as a staff accountant, cost analyst, and controller for various companies; three years as director of operations for a manufacturing and advertising firm; and twenty years as a financial/turnaround management consultant with Robert F. Bicher & Associates.  Ms. Ensley has overseen a variety of business operations including, but not limited to, manufacturing, retail, medical practices, advertising, real estate, mortgage, and service businesses.  Ms. Ensley has assisted numerous Chapter 11 Debtors with United States Trustee Compliance Requirements and provided agent services for Chapter 7 Trustees in Southern California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt Avenue, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY LORI J. ENSLEY AS FIELD AGENT; DECLARATIONS OF RICHARD A. MARSHACK AND LORI J. ENSLEY IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 22, 2013**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- INTERESTED PARTY: Addison K Adams     aadams@richardsonpatel.com
- ATTORNEY FOR DR. RONALD CARDOSO: Jeffrey S Goodfried   jgoodfried@perkinscoie.com, cmallahi@perkinscoie.com
- David L Hahn (TR)    trustee@hahnfife.com, dhahn@ecf.epiqsystems.com
- ATTORNEY FOR PETITIONING CREDITOR ENTERPRISE COUNSEL GROUP ALC: David E Libman thansen@enterprisecounsel.com
- ATTORNEY FOR PETITIONING CREDITOR PATRICK CURRAN: Thomas J Polis   tom@polis-law.com
- ATTORNEY FOR DEBTOR: Leonard M Shulman    lshulman@shbllp.com
- INTERESTED PARTY: United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On **October 22, 2013**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
OSSEOUS TECHNOLOGIES OF AMERICA INC
4695 MACARTHUR CT STE 1430
NEWPORT BEACH, CA 92660-1869

☐ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October  22, 2013 | Pamela Kraus | /s/  Pamela Kraus |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

149533v1/1028-024

EXHIBIT 11

# Exhibit 12

1   RICHARD A. MARSHACK, #107291
    rmarshack@marshackhays.com
2   DAVID A. WOOD, #272406
    dwood@marshackhays.com
3   **MARSHACK HAYS LLP**
    870 Roosevelt Avenue
4   Irvine, CA 92620
    Telephone: (949) 333-7777
5   Facsimile: (949) 333-7778

6   Attorneys for Chapter 7 Trustee,
    DAVID L. HAHN
7

```
FILED & ENTERED

        NOV 15 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY nbolte      DEPUTY CLERK
```

8                                      CHANGES MADE BY COURT

9              UNITED STATES BANKRUPTCY COURT

10       CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

11

12   In re                              Case No.  8:13-bk-14500-SC

13   **OSSEOUS TECHNOLOGIES OF**        Chapter  7
     **AMERICA, INC.,**
14                                      **ORDER GRANTING APPLICATION BY**
                                        **CHAPTER 7 TRUSTEE TO EMPLOY LORI**
15            Debtor.                   **J. ENSLEY AS FIELD AGENT AND**
                                        **APPROVAL OF INTERIM PAYMENT**
16                                      **PROCEDURE**

17                                      **[Unopposed Motion – No Service of Proposed**
                                        **Order or Lodgment Period Required Pursuant**
18                                      **to LBR 9021-1(b)(4)]**

19

20

21          The Court having read and considered the Chapter 7 Trustee's Application to Employ

22   Lori J. Ensley ("Agent") as the Trustee's Field Agent in this case pursuant to 11 U.S.C. §327,

23   effective October 13, 2013 (the "Application") filed as Docket No. 143 and it appearing from the

24   Declaration of Non-Opposition filed by Richard A. Marshack as Docket No. 166 that proper

25   notice has been given and good cause has been shown, the Court hereby makes its Order as

26   follows:

27   / / /

28   / / /

152334v1/1028-024

1

EXHIBIT 12

1    **IT IS HEREBY ORDERED** that the Chapter 7 Trustee's Application to employ LORI

2    J. ENSLEY as the Trustee's Field Agent pursuant to 11 U.S.C. Section 327 <u>with compensation</u>

3    <u>under 11 U.S.C. § 330</u> is hereby granted.

4    **IT IS FURTHER ORDERED** that Trustee is authorized to pay 100% of Agent's out-of-

5    pocket costs and 80% of Agent's fees in an amount not to exceed $10,400, on a monthly basis.

6    # # #

24   Date: November 15, 2013

25   Scott C. Clarkson
     United States Bankruptcy Judge

152334v1/1028-024

2

EXHIBIT 12

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **ORDER GRANTING APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY FIELD AGENT** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of **November 15, 2013**, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Addison K Adams    aadams@richardsonpatel.com
- M Douglas Flahaut    flahaut.douglas@arentfox.com
- Jeffrey S Goodfried    jgoodfried@perkinscoie.com, cmallahi@perkinscoie.com
- David L Hahn (TR)    trustee@hahnfife.com, dhahn@ecf.epiqsystems.com
- David E Libman    thansen@enterprisecounsel.com
- Richard       A       Marshack                                    rmarshack@marshackhays.com, lbergini@marshackhays.com;ecfmarshackhays@gmail.com
- Thomas J Polis    tom@polis-law.com
- Leonard M Shulman    lshulman@shbllp.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.   SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

**DEBTOR**
Osseous Technologies of America Inc
4695 MacArthur Ct Ste 1430
Newport Beach, Ca 92660-1869

☐ Service information continued on attached page

**3.   TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9021-1.1.NOTICE.ENTERED.ORDER**

EXHIBIT 12